NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0061n.06

No. 08-4430

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 29, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WILLIE D. ORR, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant - Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. The defendant, Willie Orr, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court calculated an advisory Sentencing Guidelines range of 57 to 71 months' imprisonment. Orr requested that his federal sentence run concurrently with a 24-month sentence that he was then serving for an unrelated state conviction. The court denied that request, but stated that Orr's state sentence provided "grounds for me to vary from the guideline calculation to give you a somewhat lower sentence[.]" The court then imposed a sentence of 42 months' imprisonment to run consecutively to the state sentence, adding that "42 months together with the state court conviction will come just slightly under the guideline range[.]"

On appeal, Orr contends that the sentence imposed by the district court resulted from a mathematical error. In particular, he argues that the court intended to select a sentence that, when combined with his 24-month state sentence, would yield a total term of imprisonment just below the advisory Guidelines range of 57 to 71 months. The 42-month sentence actually imposed, however, yields a total term of 66 months, above the midpoint of the Guidelines range. The government concedes that the district court's statements at sentencing were ambiguous, and it has asked us to remand the case for a full resentencing hearing.

Orr is unsatisfied with the government's concession. In his reply brief, he argues for a limited remand to permit the district court to clarify the apparent conflict between its statements at sentencing and the sentence it actually imposed, and then to consider whether to reduce the federal sentence or to run it concurrently with the state one.

That argument is puzzling. In his opening brief, Orr also argued that the district court had imposed an unreasonable sentence within the meaning of *United States v. Booker*, 543 U.S. 220 (2005)—an argument that, if accepted, would have required a full resentencing. In short, the government's concession grants Orr the very relief he initially requested.

In any event, we agree with the government that a full resentencing is appropriate. The problem in this case is that the district court's statements at sentencing did not correspond to the sentence it imposed. From our vantage point, however, it is impossible to say whether the district court made a mathematical error in calculating Orr's sentence or whether it misspoke when it stated that the total sentence would be just below Orr's Guidelines range. Under these circumstances, we think it best to afford the district court full authority to select an appropriate sentence on remand.

Because our decision moots Orr's remaining challenges to his sentence, we express no view on their merits. Orr's sentence is vacated, and the case is remanded for resentencing consistent with this opinion.